101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
$6,480.00 IN UNITED STATES CURRENCY, Defendant,
Mary WORKMAN, Claimant-Appellant.
 No. 95-6180.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 1
 APPEARING FOR APPELLANT:Mary Workman, pro se, Utica, NY.
 
 
 2
 APPEARING FOR APPELLEE:Charles E. Roberts, Assistant United States Attorney for the Northern District of New York, Syracuse, NY.
 
 
 3
 N.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before MESKILL, MINER, Circuit Judges, and LASKER,* District Judge.
 
 
 6
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York, it is hereby
 
 
 7
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 8
 This cause came on to be heard on the transcript of record and was argued.
 
 
 9
 Claimant-appellant Mary Workman ("Workman") appeals pro se from a judgment entered in the United States District Court for the Northern District of New York (DiBianco, M.J.) ordering the forfeiture of $6,480.00 in United States currency, pursuant to 21 U.S.C. § 881(a)(6).
 
 
 10
 On September 30, 1993, investigators of the Utica Police Department entered the residence of Workman and her son, James Workman, pursuant to a search warrant, and arrested James. As a result of the search, investigators recovered, inter alia, three different types of scales, small zip-lock baggies, firearms, ammunition, and a cigar box containing $6,480.00 in United States currency.
 
 
 11
 On March 21, 1994, the government filed an action in rem, pursuant to § 881(a)(6), for the forfeiture of the $6,480.00. On April 28, 1994, Workman filed a claim for the property. A bench trial was held on May 23, 1995. Workman and five government witnesses testified at the trial. In a Memorandum-Decision and Order dated June 19, 1995, the district court ordered that the $6,480.00 be forfeited to the United States. The district court found that the government had established probable cause that there was a nexus between the money and illegal drug activity. In addition, the court determined that Workman had given inconsistent accounts of how she obtained the money, and that her testimony was not credible. Judgment was entered on June 22, 1995. This appeal followed.
 
 
 12
 Workman argues that the district court erred in ordering that the $6,480.00 be forfeited to the United States. We disagree. In forfeiture actions brought pursuant to § 881, "the government bears the initial burden of establishing probable cause for instituting the forfeiture proceeding." United States v. Daccarett, 6 F.3d 37, 55 (2d Cir.1993), cert. denied, 114 S.Ct. 1294 (1994). In order to demonstrate probable cause, the government must show "a 'nexus' between the seized property and illegal drug activity." Id. at 56. The government needs only to establish "reasonable grounds" that the money is subject to forfeiture, and a finding of probable cause may be based on circumstantial evidence or hearsay. Id. "The failure to account for large amounts of cash may be considered a factor in establishing probable cause that money represents the proceeds of drug transactions." United States v. 785 St. Nicholas Ave., 983 F.2d 396, 403 (2d Cir.), cert. denied, 508 U.S. 913 (1993).
 
 
 13
 Once the government establishes probable cause, "the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the factual predicates necessary to show probable cause have not been met or to show claimant[']s lack of knowledge or consent to drug related activities." Daccarett, 6 F.3d at 57 (alteration in original and quotation omitted).
 
 
 14
 In the present case, the government presented sufficient evidence at trial to establish a nexus between the money and illegal drug activity. Evidence was introduced to show, inter alia, that: 1) the money was found in a cigar box in a locked closet in which there were two handguns, one of which was stolen; 2) scales and baggies were found in the house, indicating the presence of drug activity; 3) an informant claimed that he had purchased illegal drugs from James; and 4) a police investigator stated that James had claimed that the money belonged to him. While the government established probable cause, Workman failed to satisfy her burden of showing that she owned the money and that it was not related to drug activity. The district court specifically did not credit Workman's explanation of how she obtained the money. Workman was unable to support her claims to the money with any persuasive evidence. Accordingly, the $6,480.00 was properly forfeited to the United States.
 
 
 
 *
 The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation